## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc. No. 08- |
| BANK PEKAO ) | |

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Poland. A copy of the translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Polish authorities who are investigating a case of alleged credit card fraud.

EVIDENCE SOUGHT:

The Polish authorities seek information from the Delaware Secretary of State's Office and a corporation that may reside in Delaware. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the

>testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

>Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the information sought is for use in such proceedings in Poland and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                                          Respectfully submitted,

                                          COLM F. CONNOLLY
                                          United States Attorney

BY: /s/ David L. Hall
                                          David L. Hall
                                          Assistant U.S. Attorney
                                          1007 N. Orange Street
                                          Wilmington, DE   19801
Dated: 2 JUN 08                    (302) 573-6277



*Certified translation from Polish*

[*The National Emblem of the Republic of Poland*]

The Regional Prosecutor

in Poznań

1 Oz 573/07                                             Poznań, September 11, 2007

## REQUEST
for legal assistance in criminal proceedings

The 5th Investigation Division of the Regional Prosecutor's Office in Poznań supervises the preparatory proceedings conducted by the Business Crime Prevention Division of the Voivodeship Police Headquarters in Poznań in the case concerning the commission of a fraud with the use of stolen or falsified payment cards at the Classic, Firma Wielobranżowa with its registered seat at 4 Pilicka Street in Poznań to the detriment of BANK PEKAO Spółka Akcyjna in Warsaw during the period beginning in the year 2000, its amount being PLN 16,873.55, that is the commission of the offence specified in the Polish Criminal Code Article 286 paragraph 1 as well as other offences.

The actions taken upon notification of Bank PEKAO Spółka Akcyjna Centrum Rozliczeń Ośrodka Operacji Kartowych in Warsaw revealed below described facts. On April 11, 2000, the Classic Firma Wielobranżowa and the Bank PEKAO Spółka Akcyjna made a contract for cooperation concerning operating a payment card account and clearing payment card transactions. Under the contract, Classic undertook to perform card-paid sale of goods and services, while the Bank undertook to clear the payments of such transactions.

The notification of Bank PEKAO Spółka Akcyjna revealed that there were grounds for the suspicion that Classis had committed an offence misleadingly obtaining the PLN 16,873.55 to the detriment of the Bank.

On the days: October 10, 2000, November 2, 2000, and December 22, 2000, stolen payment cards were used for making payments at Classic. The numbers of those cards were as follows: ▮ The aggregate amount of the payment made with those cards reached PLN 12,715,83.

The Banks being issuers of the above-specified cards filed with Bank PEKAO Spółka Akcyjna relevant complaints against the transactions under consideration. Therefore, Bank PEKAO Spółka Akcyjna requested Classic to provide it with the sale documents of the transactions dealt with in the complaints. Pursuant to the contract, a corporation was under the obligation to keep the sale documents for the period of 19 months following [*in the original:* until the date of – *transl.*] the transaction and to provide the Bank with them upon request. Where the corporation has failed to fulfil that obligation, the bank was authorised to charge it with the amount of transaction being questioned.

Classic has not responded to the request despite being obligated to do so. It has not provided Bank PEKAO Spółka Akcyjna with requested documents. Finding it difficult to get the documents, following the contract signed with Classic Firma Wielobranżowa, Bank PEKAO Spółka Akcyjna tried to charge the corporation's account with the amounts of transactions being questioned. However, it appeared that Classic's account had been closed. The Bank's demands for payment remained unanswered.

Without relevant documents, Bank PEKAO Spółka Akcyjna was unable to make the required payments concerning Visa and Europay systems. As a result, the Bank was charged with the amounts of the transactions being questioned by the card issuing banks. The amount of loss caused to Bank PEKAO Spółka Akcyjna reached PLN 12,634.65.

Additionally, on August 25, 2000, between 1.26 hours and 05.00 hours, seven transactions with the Bank PEKAO Spółka Akcyjna were made at Classic with card number ▮. Reported stolen, the card was blocked at 05.57 hours, August 25, 2000. The card holder made a relevant complaint. Bank PEKAO Spółka Akcyjna recognised the client's complaint and, as a result, incurred the loss of PLN 4,238.90.

The aggregate amount of the loss incurred by Bank PEKAO Spółka Akcyjna due to above-described transactions made at Classic Firma Wielobranżowa is PLN 16,873.55.

Performed actions have further revealed that Classic Firma Wielobranżowa belonged to Marek Jędrzejczak residing in Poznań, Osiedle Przyjaźni number 10/140, and that the corporation's registered seat was 4 Pilicka Street. The corporation's objects were: hotel and catering services, intermediation in trading of property, hostess services regarding organization of entertainment, fitness club, reflex massage services, marriage agent and escort agency services.

On November 30, 1993, the Tax Office in Gdynia notified Marek Jędrzejczak of his registration as a goods and services tax and excise duty taxpayer. He was registered with Tax Identification Number ■■■■■■■■

The documents provided to us by the Business Activity Division of Poznań Municipality Office show that the business activity conducted by Marek Jędrzejczak residing in Gdynia, ul. Nauczycielska 12/25, named Classic Firma Wielobranżowa, received registration number ■■■■■■■■ The registered business seat was 4 Pilicka Street. The registered business corporation objects were: hotel and catering services, intermediation in trading of property, hostess services regarding organization of entertainment, fitness club, reflex massage services, marriage agent and escort agency services. It began its business operations on February 1, 1998. In November 1998, Marek Jędrzejczak notified the change of his residence address to Osiedle Przyjaźni number 10/140.

On April 29, 2003 the registration of the business activity under consideration made at the register maintained by the Business Activity Division, Poznań Municipality Office was cancelled.

On February 19, 1998, upon request submitted by Marek Jerzy Jędrzejczak residing at 12/25 Nauczycielska Street in Gdynia, conducting his business activity as Classic Firma Wielobranżowa, Poznań 4 Pilicka Street, the Poznań Office for Statistics provided the corporation with REGON number ■■■■■■■■.

During the investigation, it has further been revealed that the issuer of card number: 6761224280460900 was Bank PEKAO in Warsaw, that of card number: ▇▇▇▇▇▇▇▇ was Bank Przemysłowo Handlowy in Cracow, while that of card number: ▇▇▇▇▇▇▇▇ was Bank Cartasi SPA Corso SEMPIONE 55 Milan 20145 Italy, and of card number: ▇▇▇▇▇▇▇▇ was Fia Card Services, N. A. P. O. Box 15184 Wilimington, Delaware 19850-5184 USA.

In accordance with the list of transactions made by Classic Firma Wielobranżowa in Poznań, on December 22, 2000, three transactions were made with the use of card number ▇▇▇▇▇▇▇▇ their amounts being: PLN 1,875.00, PLN 4,075.00, and PLN 2,415.00. The facts of the case reveal the grounds for the suspicion that the card used while making the said transactions had been stolen or falsified with use of earlier scanned authentic card number, without knowledge or consent of the card holder.

As it has been revealed, card number ▇▇▇▇▇▇▇▇ was issued by Fia Card Services, N.A.P.O. Box 15184 Wilimington, Delaware 19850-5184 USA.

Therefore, it is necessary to request the intermediation of the US investigation bodies in receiving from the bank being the issuer of the card the information concerning the personal details of the individual who is, or in 2000 was, the holder of the payment card of the above specified number.

In such circumstances, in order to determine material facts of the case, within the framework of international legal assistance, it is necessary to identify and hear as a witness the individual being the holder of card number ▇▇▇▇▇▇▇▇ or who was its holder in 2000.

The hearing of the witness should be recorded in the written form and the record should contain:
1. The name of the kind of action being performed, its date and hours, the place, and the names of the parties participating in it;

2. A description of the action being performed and the statements or motions made by its participants;
3. The decisions or orders made in the course of the action being performed; and, where a decision or statement has been made in the course of a separate procedure, the information of its issue;
4. As necessary, the information concerning other circumstances pertaining to the action being performed.

The record of explanations, testimony, statements or motions as well as the information concerning specific circumstances provided by the body conducting the proceedings is to be as detailed as possible. The parties participating in the action are entitled to request having full information concerning all their rights and interests provided in the record.

Before hearing, please inform the witnesses of below specified contents and requirements of Polish law.

The Polish Criminal Code Article 233 paragraph 1, that reads:
"Whoever, in giving testimony which is to serve as evidence in court proceedings or other proceedings conducted on the basis of a law, gives false testimony or conceals the truth shall be subject to the penalty of deprivation of liberty for up to 3 years".

The witness should sign the statement attached hereto.

Pursuant to the Polish Code of Criminal Procedure Article 191 paragraph 1, the hearing should begin from asking the witness to give his name and surname, age, place of residence, his criminal record regarding giving false testimony or accusation, and whether, and how, he is related to the parties.

Please ask the witness the following questions:

1. Was the witness the holder of the payment card with the number as specified above in the year 2000? Was the card in question stolen from the witness in the year 2000? If so, in

what circumstances was it stolen? Were the investigation bodies and the bank being its issuer notified of the fact that the card was stolen?

2. Did the witness stay in Poland during the above specified period? If so, at what locations, at what time? Did the witness make payments with a payment card? If so, where and with what payment card? Did he make his payment card available for a longer period to any other individual?

3. Did the witness have a contact with Classis during his stay in Poland? If so, in what circumstances? Did the witness make any payments at that corporation with a payment card?

4. Did the witness make the payment card available to anybody during the year 2000? If so, who was it? On what terms and conditions was the card made available to him/her? Did that person stay in Poland with the card holder's payment card?

5. Did the witness have a contact with the individual named Marek Jędrzejczak during the witness's stay in Poland? If so, in what circumstances? Did that person have any chance to reach the witness's payment card?

Please enclose to the record of the hearing a photocopy of the documents provided by the witness in support of his/her testimony.

*Round seal with the Polish National Emblem reading:*
The Regional Prosecutor's Office
Poznań
\*10\*

                                    Deputy Regional Prosecutor
                                    Mariusz Orlicki
                                    *[illegible signature]*

Enclosed:
Statement

as/as



## Applicable provisions of Polish law

**Criminal Code Article 310 paragraph 1:**

Whoever counterfeits or alters Polish or foreign money, other legal tender, or a document which entitles one to obtain an amount of money or contains an obligation to pay capital, interest, share of profits, or verifies a share in a company, or whoever removes a sign of cancellation from money, other legal tender or from such document, shall be liable to the penalty of deprivation of liberty for a minimum term of 5 years or the penalty of deprivation of liberty for 25 years.

**Criminal Code Article 286 paragraph 1:**

Whoever, with the purpose of gaining a material benefit, causes another person to disadvantageously dispose of his own or someone else's property by misleading him, or by taking advantage of a mistake or inability to adequately understand the action undertaken, shall be liable to the penalty of deprivation of liberty for a term of between 6 months and 8 years.

**Criminal Code Article 270 paragraph 1:**

Whoever, with the purpose of using as authentic, forges or counterfeits, or alters a document or uses such a document as authentic, shall be liable to a fine, the penalty of restriction of liberty or the penalty of deprivation of liberty for a term of between 3 months to 5 years.

**Criminal Code Article 101 paragraph 1:**

The amenability to a penalty for an offence ceases, if from the time of the commission thereof the following numbers of years have elapsed:
1)   30 - where the act constitutes a crime of homicide;
2)   20 - where the act constitutes other crime
2a)  15 – where the act constitutes a misdemeanour subject to the penalty of deprivation of liberty exceeding 5 years;
3)   10 - where the act constitutes a misdemeanour subject to the penalty of deprivation of liberty exceeding 3 years;
4)   5 - where the act constitutes other misdemeanour

*Round seal with the Polish National Emblem reading:*

The Regional Prosecutor's Office
Poznań
*10*

In conformity with the original.
Poznań, September 11, 2007
[*illegible signature*]



## STATEMENT

I hereby confirm that I have made myself familiar with the contents of the following provision of law:

1. The Criminal Code Article 233 paragraph 1 that reads:
"Whoever, in giving testimony which is to serve as evidence in court proceedings or other proceedings conducted on the basis of a law, gives false testimony or conceals the truth shall be subject to the penalty of deprivation of liberty for up to 3 years".

Place and date: _____

Signature: _____

*Round seal with the Polish National Emblem reading:*

The Regional Prosecutor's Office

Poznań

\*10\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I hereby certify that the translation above is true to the original document presented to me on September 28, 2007 – Dorota Staniszewska-Kowalak, sworn translator in Warsaw.
Warsaw, October 2, 2007
Rep. no. 287/2007

**SWORN TRANSLATOR**
*Dorota Staniszewska-Kowalak*
ul. Bacha 7 m. 903
02-743 Warsaw
phone: 847-10-64

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM POLAND ) | |
| IN THE MATTER OF ) | Misc No. 08- |
| BANK PEKAO ) | |

### ORDER

Upon application of the United States of America; and upon examination of a letter of request from Poland whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Poland and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Polish authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested

consistent with its use as evidence in a proceeding before a Court in Poland, which procedures may be specified in the request or provided by the Polish authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Polish authorities.

    IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

    Dated: This _____ day of _____, 2008.

_____
United States District Court Judge